MICHAEL J. HEYMAN
United States Attorney

AINSLEY MCNERNEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: Ainsley.McNerney1@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| vs. | No. 3:24-cr-00101-VMK-KFR |
| JESSE HADLEY, | |
| Defendant. | |

**SENTENCING MEMORANDUM**

The United States recommends imposition of the following sentence:

**INCARCERATION**......................................................................................**120 MONTHS**
**SUPERVISED RELEASE**..........................................................................................**LIFE**
**SPECIAL ASSESSMENT**.........................................................................................**$100**
**RESTITUTION** ........................................................................................................**TBD**
**FINE**.........................................................................................................................**N/A**

**FACTS**

On July 30, 2023, the mother of MINOR VICTIM 1 contacted her local police department to report that the defendant had sexually exploited her daughter. MINOR

VICTIM 1's mother had found a video on a family tablet that showed the defendant's face as he surreptitiously placed a camera in the bedroom of her then teenage daughter. The defendant installed this camera with a view of MINOR VICTIM 1's bed and much of the bedroom.

Within minutes of the defendant installing the hidden camera, it recorded MINOR VICTIM 1 enter the bedroom after a shower. The camera captured MINOR VICTIM 1 in a state of undress, with her genitals and breasts exposed. The defendant later retrieved the hidden camera with the video depicting MINOR VICTIM 1 engaged in sexually explicit conduct.

The defendant was charged in a 2-count Indictment with production of child pornography in violation of 18 U.S.C. § 2251(a) and (e), which carries a mandatory minimum 15-year sentence, and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Despite the very clear and egregious act of production in this case, given the absence of some common aggravators attendant to production cases, such as hands on conduct, or distribution of the child pornography following the production, the government agreed to allow the defendant to plead guilty to possession, and the parties agreed to be bound by a sentencing recommendation of 120 months. Given the egregious act of production in this case, which constitutes relevant conduct to the possession, such a sentence is sufficient, but not greater than necessary to fulfill the goals of sentencing as outlined in 18 U.S.C. § 3553(a).

//

## GUIDELINES CALCULATION

While the government timely submitted objections to the Presentence Report, in preparing for sentencing, undersigned counsel identified an important objection that the government overlooked that significantly bears on the sentencing guideline range in this case. Accordingly, the government submits the following outstanding objection to the Presentence Report.

The defendant's sentencing guideline range is properly calculated as 121 to 151 months for the following reasons. The defendant was charged in the Indictment with Count 1: Sexual Exploitation of a Child – Production of Child Pornography in violation of 18 U.S.C. § 2251(a) and (e) and Count 2: Sexual Exploitation of a Child – Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Notwithstanding the defendant's guilty plea to Count 2, possession of child pornography, the defendant's sentencing guidelines are accurately calculated under United States Sentencing Guideline (USSG) §2G2.1, which addresses production of child pornography.

To determine the defendant's sentence in this case, one must first look to USSG §2G2.2, which addresses cases involving possession of child pornography. USSG §2G2.2 includes a cross reference provision at §2G2.2(c)(1), which directs the application of USSG §2G2.1 (Sexually Exploiting a Minor by Production of Sexually Explicit Visual or Printed Material) in possession cases that involve production. The commentary to USSG §2G2.2(c)(1) makes clear that the cross reference "is to be construed broadly" and "includes all instances where the offense involved employing [or] using . . . a minor to

U.S. v. Hadley
3:24-cr-00101-VMK-KFR

engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct." USSG §2G2.2, Application Note 7(A).

Here, although the defendant pleaded to possession, the facts as adopted by the defendant unequivocally support that he produced child pornography when he surreptitiously video recorded MINOR VICTIM 1, intending to capture MINOR VICTIM 1 in a state of undress and engaging in sexually explicit conduct. Placement of a video recording device for the purpose of surreptitiously capturing a minor engaged in sexually explicit conduct falls squarely within "the heartland of a statute criminalizing the production of child pornography." *United States v. Mendez*, 35 F.4th 1219, 1221 (9th Cir. 2022).

The fact that the charge of production is dismissed by virtue of the plea agreement in theis case does not preclude the application of the cross reference at §2G2.2(c)(1). "[A] cross reference may be applied on the basis of relevant conduct alleged on charges dismissed pursuant to a plea agreement" and "a plea agreement that includes the dismissal of a charge . . . shall not preclude the conduct underlying such charge from being considered under the provisions of §1B1.3 (Relevant Conduct) in connection with the count(s) of which the defendant is convicted." *United States v. Speelman*, 431 F.3d 1226, 1231–1232 (9th Cir. 2005) (internal quotations omitted). The act of production in this case is relevant conduct as defined at USSG §1B1.3(a) and falls explicitly within the cross reference at §2G2.2(c)(1), the application of which is not precluded by dismissal of the production charge pursuant to the plea agreement. Accordingly, the guideline range should

be determined by referencing the provisions of USSG §2G2.1.

Under USSG §2G2.1, the defendant's base offense level is 32. *See* USSG §2G2.1(a). It does not appear that any of the USSG §2G2.1 Special Offense Characteristics apply to the facts of this case. By pleading guilty, the defendant availed himself of the two-level decrease at USSG §3E1.1(a) for acceptance of responsibility and the government agreed to the application of an additional one-level decrease pursuant to USSG §3E1.1(b). Accordingly, the defendant's total offense level is 29. With a total offense level under USSG §2G2.1 of 29 and Criminal History Category IV, the defendant's sentencing guideline range is accurately calculated at 121 to 151 months.

## STATUTORY CRITERIA AND RECOMMENDED SENTENCE

### 1. Nature and circumstances of the offense

The defendant placed a hidden camera in the bedroom of MINOR VICTIM 1. He not only violated MINOR VICTIM 1's privacy in a sacred space in her home, but, unbeknownst to her, used her to produce child pornography for his own gratification. The defendant's face is clearly visible in the beginning of the video as he places the hidden camera in MINOR VICTIM 1's room. The parties' recommended sentence of 120 months falls one month short of the low end of the defendant's sentencing guidelines. It constitutes the maximum sentence of the charge to which he pleaded guilty. This is not a case of mere possession. Given the facts, taking the production into account, and the defendant's guideline range, the parties' recommended sentence is sufficient, but not greater than necessary to satisfy this particular sentencing factor.

## 2. History and characteristics of the defendant

The defendant is a Criminal History Category IV, with a history of assault convictions and allegations of domestic violence. Past terms of imprisonment have not deterred the defendant. Indeed, the instant offense marks an escalation in the defendant's criminal conduct. Accordingly, the lengthy proposed sentence is appropriate to address the defendant's history and sharp escalation in his criminal conduct.

## 3. The seriousness of the offense and just punishment

It is bad enough that a market for this kind of material exists, allowing possessors to access child sexual abuse materials with relative ease, without even having to gain access to a minor. Here, the defendant was dating the mother of MINOR VICTIM 1. He exploited that relationship and trust, and with it, his access to MINOR VICTIM 1, to produce and then possess child pornography depicting MINOR VICTIM 1 engaged in sexually explicit conduct. The defendant's conduct is sufficiently serious to warrant the parties' proposed sentence of 120 months.

## 4. Adequate deterrence

As previously stated, prior terms of incarceration have not deterred the defendant. Indeed, his conduct escalated to the point of charges containing a mandatory minimum sentence on Count 1, and a plea agreement to the statutory maximum sentence of Count 2. The proposed sentence is vital to specific deterrence, given the defendant's criminal history, history of probation violations, and escalating conduct. It is tailored to address that escalating conduct and ensure that the defendant does not engage in such egregious conduct in the future. The government's proposed lifetime term of supervised release is also

U.S. v. Hadley
3:24-cr-00101-VMK-KFR

important to address specific deterrence, where the defendant's criminal history exhibits a long history of probation violations.

The proposed sentence is also sufficient but not greater than necessary to reflect the need for general deterrence. The defendant did not merely possess a video of a minor in a state of undress. He produced that video by surreptitiously placing a camera in the room of a minor to whom he had access. He did so to capture her engaged in sexually explicit conduct and for his own sexual gratification. The proposed sentence serves to deter others from engaging in such violative and serious conduct.

**5. Protection of the public from further crimes**

Protection of the public is paramount, whereas here, the defendant utilized his access to MINOR VICTIM 1 to produce child pornography that he later possessed. The parties' recommended sentence, followed by the government's proposed lifetime term of supervised release, will ensure that the public is protected from further crimes by the defendant. Given the defendant's past history of violating probation, the government's proposed term of supervised release is equally important to addressing protection of the public.

**6. Avoidance of unwarranted disparities**

Undersigned counsel reviewed the Judiciary Sentencing Information (JSIN) relevant to its assessment of the appropriate guidelines application in this case. According to the JSIN statistics:

//

//

U.S. v. Hadley
3:24-cr-00101-VMK-KFR

> During the last five fiscal years (FY2020-2024), there was an insufficient number of defendants (1) whose primary guideline was §2G2.1, with a Final Offense Level of 29 and a Criminal History Category of IV, after excluding defendants who received a §5K1.1 substantial assistance departure; and (2) who received a sentence of imprisonment in whole or in part.

The parties' proposed sentence constitutes the statutory maximum for the offense to which the defendant pleaded guilty. Given the unique facts of this case and the relevant conduct amounting to production of child pornography, the parties' proposed sentence will not amount to an unwarranted sentencing disparity. Indeed, the proposed sentence is one month below the defendant's accurately calculated sentencing guideline range.

**RESTITUTION AND ASSESSMENTS**

Restitution is mandatory in this case. *See* 18 U.S.C. § 2259. As of this filing, the government does not have an accurate assessment of what, if any, restitution that the victim is seeking. Accordingly, the government may move the Court at sentencing to set a date for final determination of the victim's losses. *See* 18 U.S.C. 3664(d)(5).

Contrary to the Presentence Report, the provisions of the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 (AVAA) at 18 U.S.C. § 2259A is applicable in this case. Accordingly, and because the defendant is pleading guilty to an offense under 2252A(a)(5), the Court shall assess not more than $17,000 on the defendant. 18 U.S.C. § 2259A(a)(1).

//

//

The government will also be seeking imposition of the $5,000 assessment pursuant to the Justice for Victims of Trafficking Act (JVTA) at 18 U.S.C. § 3014. While the statute reserves the assessment for "any non-indigent person," indigency is not determined solely on a defendant's ability to pay at the time of sentencing. Determining whether a defendant is indigent can depend on a defendant's current financial ability to pay, but also on the defendant's future earning capacity, vocational skills, and history of employment. *See United States v. Strange*, 692 Fed.Appx.346, 349 (9th Cir. 2017); *see also United States v. Millican*, 2024 WL 4441427 (9th Cir. 2024).[1]

Here, the Presentence Report at paragraph 63 evidences the defendant's steady and lucrative employment record. He has experience as a heavy equipment operator, which is a specialized skill that makes him employable in the future. He will still be relatively young at the time of his release, which should also favorably bear on his employability. On these facts, it appears the defendant should be able to pay the JVTA assessment, and the government accordingly requests that the Court impose the $5,000 assessment.

**CONCLUSION**

In these proceedings, parties often quote Nelson Mandela's observation that "the true character of a society is revealed in how it treats its children." Fifteen years ago, another federal district court took that message and applied it to this exact kind of proceeding:

---

[1] Unpublished opinions and orders of the Ninth Circuit, while not considered precedent, may be cited to if issued on or after January 1, 2007. *See* Ninth Circuit Federal Rules of Appellate Procedure.

> There can be no keener revelation of a society's soul than the way in which it treats its children. Given the current statistics surrounding child pornography, we are living in a country that is losing its soul.
>
> Child pornography is a vile, heinous crime. Mention the term to your average American and he responds with immediate disgust and a sense of unease. However, once it enters the legal system, child pornography undergoes sterilization. The sterilization goes far beyond properly removing emotion from sentencing decisions. Images are described in the most clinical sense. Victims all too often remain nameless. The only emotions on display are those of defendants, sorry that their actions were discovered by law enforcement.

*United States v. Cunningham*, 680 F.Supp.2d 844, 847 (N.D. Ohio, 2010), *affirmed* 669 F.3d 723 (6th Cir. 2012).

The abhorrence of this kind of conduct is evidenced in the types of sentences that Congress saw fit to prescribe to child pornography offenses. But, despite a general disgust for this type of conduct, the proliferation of child pornography continues. The seriousness of the defendant's crimes in this case cannot be understated. The defendant should be held accountable for abusing his position of trust to exploit a teenage girl for his sexual gratification. The recommended sentence is sufficient, but not greater than necessary to account for the weight of the defendant's conduct, the impact on MINOR VICTIM 1, and society as a whole.

RESPECTFULLY SUBMITTED November 24, 2025 at Anchorage, Alaska.

MICHAEL J. HEYMAN
United States Attorney

/s *Ainsley McNerney*
AINSLEY MCNERNEY
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2025 a true and correct copy of the foregoing was served electronically on all counsel of record.

/s *Ainsley McNerney*